IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARCHIE TINDELL, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DEPARTMENT OF )<br>CORRECTIONS, et al, )<br>    Defendants. ) | Civil Action No. 12-121 Erie<br><br>District Judge Ambrose<br><br>Magistrate Judge Baxter |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the instant action be dismissed due to Plaintiff's failure to prosecute this case.

**II.    REPORT**

    **A.    Relevant Procedural History**

This civil rights action was filed in this Court on May 21, 2012, by way of "removal" by Plaintiff. Plaintiff brought this civil rights action under 42 U.S.C. § 1983 alleging that his constitutional rights under the First, Eighth and Fourteenth Amendments were violated. Named as Defendants are the Pennsylvania Department of Corrections, as well as numerous Department of Corrections employees.

By Order dated June 11, 2012, this Court denied Plaintiff's motion for leave to proceed in forma pauperis due to Plaintiff's prior frivolous dismissals (see 28 U.S.C. §1915(g)). ECF No. 4. In that same Order, Plaintiff was directed to pay the full filing fee of $350.00 before July 2,

2012, or risk dismissal of this action.  Id.  As of today's date, Plaintiff has failed to pay the filing fee or seek an extension of time in which to do so.

The Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate.  Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984).  The court must consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense.  Id. at 868.  Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted.  Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter.  Since the filing of this matter, Plaintiff has taken none of the necessary first steps to prosecute this case.  This case is months old, yet Plaintiff has not taken the initial steps in paying the required filing fee, let alone pay service fees to the U.S. Marshal Service for the many named defendants.  Without Plaintiff's payment of the filing fee, this case cannot proceed.  Plaintiff is appearing *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims.  Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.  Although it is possible that Plaintiff's allegations could state a claim upon which relief could ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

Accordingly, this case should be dismissed due to Plaintiff's failure to prosecute.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant action be dismissed due to Plaintiff's failure to prosecute.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July 17, 2012